**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4091**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN BENDER DAVIS, JR.,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:06-cr-00275-JAB)

———————————

Submitted:  October 17, 2007          Decided:  October 30, 2007

———————————

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Louis C. Allen, III, Federal Public Defender, Williams S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Michael Augustus DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Bender Davis, Jr. appeals his sentence to 200 months in prison and four years of supervised release after pleading guilty to possession with intent to distribute 6.3 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000), and possession of a firearm after three prior convictions for a violent felony or serious drug offense, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000). Davis's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether the district court imposed an unreasonable term of imprisonment. Davis has filed a pro se supplemental brief raising the additional issue of whether the district court violated Fed. R. Crim. P. 11(b)(3) by accepting his guilty plea without adequately ensuring that a factual basis existed for the plea. The Government has not filed an answering brief. Finding no reversible error, we affirm.

Since Davis did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Davis contends that the district court should have established the factual basis through colloquy with him rather than relying on the written factual basis filed by the Government and accepted by Davis at his

- 2 -

guilty plea hearing.  This argument is without merit.  "Rule 11 does not require the judge to establish *through colloquy* that a factual basis exists for the plea.  The court may conclude that a factual basis exists from anything that appears on the record." United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991) (citations omitted).  We have reviewed the record and find no plain error in the district court's acceptance of Davis's guilty plea.

Davis next questions whether his sentence is reasonable. We will affirm a sentence imposed by the district court if it is within the statutorily prescribed range and reasonable.  United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).  An error of law or fact can render a sentence unreasonable.  United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). We review a district court's factual findings for clear error and its legal conclusions de novo.  United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).  Issues not raised in the district court are reviewed for plain error.  Hughes, 401 F.3d at 547.

When sentencing a defendant, the district court must: (1) properly calculate the guideline range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C. § 3553(a) (2000); (3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range.  Green, 436 F.3d at 455-56.  A sentence within the properly calculated advisory guideline range is

presumptively reasonable.  Id. at 457; see Rita v. United States,
127 S. Ct. 2456, 2467-68 (2007) (upholding this court's presumption
of reasonableness).  This presumption can only be rebutted by a
showing that the sentence is unreasonable when measured against the
§ 3553(a) factors.  United States v. Montes-Pineda, 445 F.3d 375,
379 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

We have reviewed the record and conclude that Davis's
sentence is reasonable.  Because Davis qualified as an armed career
criminal, his offense level was thirty-four, and his mandatory
minimum sentence was 180 months.  See 18 U.S.C. § 924(e); U.S.
Sentencing Guidelines Manual § 4B1.4(b)(3)(A) (2005).  With a
criminal history category of VI, Davis's advisory guideline range
was 188 to 235 months.  Noting that there did not appear to be any
sentencing factors not already taken into consideration, the
probation officer recommended a sentence in the middle of the
advisory guideline range.  Davis did not object to the presentence
report or the district court's calculations.

At his sentencing hearing, Davis noted that his mother,
who had custody of two of his children, was disabled from having
suffered a stroke and could not be at the hearing.  However, she
sent a letter to the district court informing the court that his
children were doing very well and requesting that the court
recommend Davis for placement at a prison facility close to his
residence so that he could still play some part in his children's

- 4 -

lives.  The district court granted this request.  Davis further requested, given the length of the advisory guideline sentence, that the district court consider sentencing him at the statutory minimum sentence of 180 months or at the low end of his advisory guideline range.  The district court sentenced Davis in the lower one-third of his range to 200 months in prison.

On appeal, Davis contends his sentence is unreasonable because it is more than the minimum sentence required.  He further suggests the district court failed to consider that his mother is disabled and she needs Davis at home to care for her rather than serving a lengthy prison sentence.  However, the district court was statutorily required to sentence Davis to at least 180 months, and the record does not reflect any request for Davis to take care of his mother.  In sentencing Davis to 200 months, the district court considered Davis's arguments, the presentence report, and the statutory sentencing factors, and the court reasonably determined a sentence within the advisory guideline range was appropriate.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>